AO 91 (Rev. 11/11)   Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
Middle District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No.  8:24-mj-2533-DCI |
| Slawomir Winiewski | ) | |
| Wieslaw Robert Ruta, and | ) | |
| Piotr Marek Adamczyk | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of ___September 20, 2024___ in the county of ___Hillsborough___ in the ___Middle___ District of ___Florida___ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 46 U.S.C. §§ 70503(a) and 70506(a) and (b) | Conspiracy to Possess with Intent to Distribute Five (5) Kilograms or More of Cocaine on a Vessel Subject to the Jurisdiction of the United States. |

This criminal complaint is based on these facts:

See Attached Affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Steven P. Maurizio, DEA Special Agent
*Printed name and title*

Sworn to before me over the telephone or other electronic means and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d).

Date:  ___September 27, 2024___

_____
DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

City and state:  ___Orlando, Florida___

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

### Introduction and Agent Background

1.      I, Steven P. Maurizio, am a Special Agent with the Drug Enforcement Administration ("DEA") and have been employed by DEA since 2004.  I have conducted numerous criminal drug investigations of both domestic and international drug trafficking organizations involved in the manufacturing, distribution, and possession of controlled substances such as cocaine.

2.      I am assigned as a Special Agent to Operation Panama Express Strike Force.  Operation Panama Express is a federal Organized Crime Drug Enforcement Task Force ("OCDETF") composed of the following agencies: the Drug Enforcement Administration ("DEA"), the Federal Bureau of Investigation ("FBI"), Immigration and Customs Enforcement, Homeland Security Investigations ("HSI"), CGIS, the United States Coast Guard ("USCG"), and the United States Attorney's Office of the Middle District of Florida.  Special Agents assigned to Operation Panama Express investigate transnational criminal organizations that utilize maritime conveyances to smuggle illicit drugs through international waters of the Pacific Ocean and Caribbean Sea for later distribution into the United States of America.

3.      Based on my training and experience, I am familiar with the means and methods narcotics traffickers use to transport, import, and distribute illicit drugs. I am also familiar with the support and assistance that narcotics organizations require

to conduct their illegal activities and have become knowledgeable about the criminal statutes of the United States, particularly, the narcotics statutes.

## Statutory Authority

4.    This affidavit is submitted in support of a criminal complaint and the issuance of arrest warrants for the following individuals:

     a.    **Slawomir WINIEWSKI**

     b.    **Wieslaw Robert RUTA**

     c.    **Piotr Marek ADAMCZYK**

all of whom are foreign nationals, for knowingly and willfully conspiring to possess with the intent to distribute five (5) kilograms or more of cocaine, a Schedule II controlled substance, while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a) and 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(ii).

5.    The information contained herein is either personally known to me or has been provided to me by other law enforcement officers with whom I have worked on this investigation. This affidavit is submitted for the limited purpose of establishing probable cause for the criminal charges set forth herein and, therefore, does not contain each and every fact known to me or other law enforcement agents concerning this investigation.

6.    The United States Coast Guard ("USCG") has the authority under 14 U.S.C. § 89 to make inquiries, examinations, inspections, searches, seizures, and

2

arrests upon the high seas and waters over which the United States has jurisdiction, in order to enforce federal laws.

## Probable Cause

7.      On or about September 20, 2024, while on routine patrol in the Caribbean Sea, the USCG located a sailing vessel ("SV") approximately 197 nautical miles north of Barranquilla, Colombia, in international waters. The United States Coast Guard Cutter ("USCGC") RESOLUTE diverted to investigate the SV. The USCGC RESOLUTE launched a small boat with a USCG boarding team onboard to investigate the vessel.

8.      Once the RESOLUTE small boat gained positive control of the SV, the boarding team identified the following crewmembers on board the suspect SV as **Slawomir WINIEWSKI**, **Wieslaw Robert RUTA**, and **Piotr Marek ADAMCZYK.**

9.      The suspect SV, identified as sailing vessel NICOLLET, displayed a Polish flag and a homeport of Gdansk, Poland on the stern. Pursuant to Article 17 of the United Nations Convention Against Illicit Traffic in Narcotic Drugs and Psychotropic Substances, the USCG approached the government of Poland and requested confirmation of the registry and nationality of NICOLLET. The Polish government denied registry of NICOLLET but offered information of another vessel registered to an owner of a similar name. The USCG boarding team confirmed neither the registration nor the master of the NICOLLET matched the additional information provided by the Polish government. Therefore, and in accordance with

46 U.S.C. § 70502(c)(1)(A) and (d)(1)(A), the USCG treated the NICOLLET as one without nationality and therefore a vessel subject to the jurisdiction of the United States.

10. The USCG then assimilated the NICOLLET as stateless and subject to the laws of the United States. The USCG boarding team subsequently conducted a law enforcement boarding of the NICOLLET.

11. The boarding team observed suspected contraband within the vessel. The USCG boarding team conducted two tests of the contraband utilizing narcotic identification kits that were positive for the presence of cocaine. The contraband recovered onboard the NICOLLET consisted of approximately 743 kilograms cocaine. The USCG boarding team seized the cocaine and detained the three crewmembers. The stateless NICOLLET was sunk in place due to being a navigational hazard.

4

## Conclusion

12.    Based upon the foregoing information, I respectively submit that probable cause exists to believe that **Slawomir WINIEWSKI, Wieslaw Robert RUTA**, and **Piotr Marek ADAMCZYK**, while aboard a vessel subject to the jurisdiction of the United States, did knowingly and willfully  combine, conspire, and agree with each other and with other persons to distribute, and possess with the intent to distribute, five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 46 U.S.C. §§ 70503(a) and 70506(a) and (b), and 21 U.S.C. §§ 960(b)(1)(B)(ii).

Steven P. Maurizio
Special Agent
Drug Enforcement Administration

Affidavit submitted to me by reliable electronic means and attested to me as true and accurate by telephone or other reliable electronic means consistent with Fed. R. Crim. P. 4.1 and 4(d) before me this 27 day of September, 2024.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

5